Filed 8/8/25  P. v. Randle CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084788 |
| v. | (Super.Ct.No. OCR7302) |
| JAMES WESLEY RANDLE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid A. Uhler, Judge.  Dismissed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On May 28, 1981, a jury found defendant guilty of robbery (Pen. Code, § 211, count 2)[1] and first degree murder (§ 187, count 3).  In addition, the jury found true

_____

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

1

allegations defendant was armed with (former § 12022, subd. (a)) and used (former § 12022.5) a sawed-off shotgun in his commission of both counts. The court sentenced defendant to an indeterminate term of imprisonment of 25 years to life, plus nine years. (*People v. Randle* (Jan. 8, 2024, E080014) [nonpub. opn.] (*Randle*).)

Although the People charged defendant's codefendant, Gerry Johns, along with defendant, he was tried separately. (*People v. Johns* (1983) 145 Cal.App.3d 281.) A jury found Johns guilty of robbery and murder, also finding true allegations he was armed with a firearm during the commission of both offenses. (*Id.* at p. 286; *Randle*, *supra*, E080014.)

The record reflects that defendant appealed the judgment on June 24, 1981; however, because so much time has elapsed, the courts' records, including the opinion, appear to have already been destroyed. (Gov. Code, 69955, subd. (e); former Cal. Rules of Court, rule 10.1028(d)(2) [criminal records destroyed after 20 years].) (*Randle*, *supra*, E080014.)

On July 20, 2022, defendant filed a form petition for resentencing pursuant to former section 1170.95,[2] in which he contended he could not currently be convicted of murder. The People filed opposition contending defendant was ineligible for the relief requested because he was the direct perpetrator of the murder. (*Randle*, *supra*, E080014.)

At a hearing on October 14, 2022, the court indicated it "had an opportunity to review the relevant documents." The People submitted on their opposition. The court

---

[2] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

found defendant was ineligible for relief because he was "the actual shooter."  Thus, the court denied the petition.  (*Randle*, *supra*, E080014.)

Defendant appealed.  We reversed and remanded the matter to the court below with directions to issue an order to show cause under section 1172.6, subdivision (c), and to hold a hearing under section 1172.6, subdivision (d)(1).  (*Randle*, *supra*, E080014.)

On October 4, 2024, the court admitted into evidence the preliminary hearing transcript and portions of the trial transcripts.  Defendant had no additional evidence to submit.  After reviewing the transcripts, the court found "beyond a reasonable doubt that the defendant was the actual killer and that he is not eligible for resentencing under 1172.6, and his petition is denied."

On appeal, counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the facts, a statement of the case, requesting that we independently review the record for error, and raising two potentially arguable issues:  (1) whether there was sufficient evidence to prove defendant was guilty of first degree murder under current law; and (2) whether there was sufficient corroborating evidence of the informant's testimony as required by section 1111.

We gave defendant the opportunity to file a personal supplemental brief.  We noted that if he did not do so, we could dismiss the appeal; nevertheless, he has not filed one.  Under these circumstances, we have no obligation to independently review the record for error.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 224-231.)  Rather, we dismiss the appeal.  (*Id*. at pp. 231-232.)

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

FIELDS

J.

RAPHAEL

J.